NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBIN JEAN HARRIS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1943

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-22-0150-W-1.

---

Decided: January 27, 2026

---

ROCKY L. COE, Coe Law Offices, Milwaukee, WI, for petitioner.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before PROST, CHEN, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Robin Jean Harris petitions from a final decision of the Merit Systems Protection Board ("Board") denying her request for corrective action under the Whistleblower Protection Act ("WPA"). *Harris v. Dep't of Veterans Affs.*, No. 1221-22-0150-W-1, 2024 MSPB LEXIS 1453 (Mar. 19, 2024) (adopting the initial decision, *Harris v. Dep't of Veterans Affs.*, No. 1221-22-0150-W-1, 2022 MSPB LEXIS 3365 (Sep. 6, 2022) ("*Decision*"), as the Board's final decision). For the reasons below, we affirm.

## BACKGROUND

Ms. Harris worked as a lead travel clerk at a Department of Veterans Affairs ("VA") medical center in Milwaukee, Wisconsin during the time of the events relevant to this appeal. As part of her duties, she processed travel reimbursement requests for veterans traveling to authorized medical appointments. On or around June 2021, she filed a complaint with the VA's Office of Accountability and Whistleblower Protection ("OAWP"), disclosing that her immediate supervisor, Robert Wareham, permitted employees to submit purportedly fraudulent travel reimbursement requests. OAWP informed the medical center's leadership. The deputy medical center director, James McLain, appointed the associate chief nurse, Colleen Eckert, to conduct a fact-finding investigation and provide a report.

On July 16, 2021, Ms. Eckert sent an email attaching her investigation report to Mr. McLain and his executive assistant, Brian Michalski. On July 20, 2021, Mr. McLain forwarded the email and attachment to the email address "MIW ALL N-Z Employees," an email list consisting of all employees with last names beginning with N through Z. As a result, about half of the medical center's employees—approximately 2,000 employees—received the email. Mr. McLain later testified at the Board hearing that he intended to forward the email to Mr. Michalski but when he

typed "mi" in the "To" line of his email, the email auto-populated "MIW ALL N-Z Employees" without his knowledge. That email contained Ms. Harris's name and allegation against Mr. Wareham as well as the names of employees interviewed during the fact-finding investigation. Mr. McLain testified that he made various attempts to fix the issue including trying to recall the email and asking the office of information technology ("OIT") for assistance. OIT removed the email from the employees' inboxes, but some employees had already printed it out. Ms. Harris allegedly suffered an anxiety attack and went home when her colleagues informed her of the email. She underwent heart surgery and went on medical leave until January 2022.

In January 2022, Ms. Harris filed an individual right of action ("IRA") appeal at the Board seeking corrective action. She alleged retaliation for her whistleblower disclosure and activity of informing OAWP of the fraudulent travel reimbursement requests. She alleged the VA subjected her to a hostile work environment after Mr. McLain's email. She contended that no one trusted her or wanted to work with her and her coworkers treated her as a "snitch" or "pariah." *Decision*, 2022 MSPB LEXIS 3365, at *16.

Following a hearing, the administrative judge ("AJ") denied Ms. Harris's request for corrective action. The AJ found that although Ms. Harris proved that she made a protected disclosure and engaged in a protected activity, she "failed to prove by preponderant evidence that the agency subjected her to a personnel action within the meaning of the WPA" in retaliation for her whistleblower disclosure. *Id.* at *14. The AJ noted that Ms. Harris did not provide any corroborating evidence or testimony to support her allegation of a hostile work environment. The AJ found that all other witnesses credibly testified that they received no reports of Ms. Harris facing reprisal. The AJ credited Ms. Harris's testimony that two weeks before the Board hearing, a coworker who allegedly submitted

inaccurate travel reimbursement requests told her that he did not trust her, but the AJ determined that it was not enough to show that Ms. Harris was subjected to a hostile work environment under the WPA. The AJ also found that Ms. Harris failed to connect her health-related absence to the email event and that the record showed that she "was not feeling well and she was seeking treatment in the emergency department" before she learned of Mr. McLain's email. *Id.* at *19. The AJ further found "no evidence that Mr. McLain purposefully publicized or distributed [Ms. Harris's] protected disclosure." *Id.* at *22. The AJ concluded that Ms. Harris failed to establish a prima facie case of whistleblower retaliation.

The Board denied Ms. Harris's petition for review of the AJ's decision and adopted the decision as its final decision.

Ms. Harris timely petitioned to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of the Board's decision is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner bears the burden of establishing reversible error in the Board's final decision. *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020). We review the Board's legal decisions de novo and its findings of fact for substantial evidence support. *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022).

"For the Board to determine that an agency action merits corrective action under the [WPA], the Board must first find that (1) there was a disclosure or activity protected under the WPA; (2) there was a personnel action authorized

for relief under the WPA; and (3) the protected disclosure or activity was a contributing factor to the personnel action." *Sistek*, 955 F.3d at 953 (citing 5 U.S.C. § 1221(e)(1)). "The petitioner must prove these elements by a preponderance of the evidence." *Id.* (citing *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012)). "If the [petitioner] establishes this *prima facie* case of reprisal for whistleblowing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken 'the same personnel action in the absence of such disclosure.'" *Whitmore*, 680 F.3d at 1364 (emphasis in original) (quoting 5 U.S.C. § 1221(e)).

On petition to this court, Ms. Harris challenges the Board's decision denying her request for corrective action. She appears to mainly argue that the AJ erred by failing to find that she experienced a hostile work environment. Pet'r's Informal Br. 29. She contends that the AJ failed to review the whole record.

We discern no error in the Board's decision. The AJ detailed the requirements to make a prima facie case and noted that allegation of a hostile work environment may establish personnel action under the WPA. *Decision*, 2022 MSPB LEXIS 3365, at *15–16 (citing 5 U.S.C. § 2302(a)(2)(A)(xii)). While Ms. Harris alleged a hostile work environment, the AJ found that she provided no evidence to corroborate her testimony. *See Sistek*, 955 F.3d at 954 ("Only upon proof of a qualifying personnel action may a claimant seek corrective action from the Board."). As the AJ determined, Ms. Harris's testimony that two weeks before the hearing a coworker told her he did not trust her was not enough to show a hostile work environment under the WPA. *See id.* ("[A] hostile work environment . . . is actionable as a significant change in working conditions.").

Substantial evidence also supports the Board's decision. Multiple witnesses testified that they received no specific reports about Ms. Harris facing reprisal. *See, e.g.*,

J.A. 152, 231, 264–65. The AJ also noted that, as testified to by multiple witnesses, Mr. McLain's behavior soon after he sent the email weighed in favor of the AJ's finding "that [Mr. McLain's] email was a mistake." *Decision*, 2022 MSPB LEXIS 3365, at *20–21. Ms. Harris provided no corroborating evidence or testimony to support her allegation that she experienced a hostile work environment after the email incident. *See Kahn v. DOJ*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) ("Non-frivolous allegations cannot be supported by unsubstantiated speculation.") (cleaned up). Ms. Harris thus failed to show that "there was a personnel action authorized for relief under the WPA." *Sistek*, 955 F.3d at 953. Accordingly, we affirm the Board's decision denying corrective action.

## CONCLUSION

We have considered Ms. Harris's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**